VINCENT BALDWIN, PLAINTIFF IN ERROR, *vs.* ELIZABETH COOLEY
AND OTHERS, DEFENDANTS IN ERROR.

A. died in 1864, seized of several tracts of land, and leaving a will by which he
authorized his executor to sell his lands.  In October, 1868, the Sheriff sold
and conveyed to B., under a judgment and execution against A., one of said
tracts of land, which was then, and for some time previously had been, in
the actual possession of two of A.'s heirs : *Held,* That a Magistrate had no
jurisdiction, under the Act of 1866 "to provide an expeditious mode of
ejecting trespassers," to issue a warrant, on the application of B., to eject
such heirs ; and that prohibition was the proper remedy to restrain him.

The Act of 1866 creates a new jurisdiction, and provides a summary mode of
procedure to obtain possession of lands, and should, therefore, be construed
strictly.

A Magistrate has no jurisdiction, under the Act, except in cases where the
trespass complained of is an entry without the consent of the then owner of
the land.

A mere power conferred upon the executor by the will to sell land does not
prevent the title and right of possession from descending to the heir.

A writt of prohibition should issue, upon a suggestion, in the name of the State
on the relation of some one, but where the want of jurisdiction was clear
the Supreme Court refused to set aside such a writ, issued by the Circuit
Court, upon a suggestion, in the name of the parties aggrieved.

BEFORE ORR, J., AT ANDERSON, SPRING TERM, 1869.

This was a writ of error to remove into this Court the record in
a certain petition for a writ of prohibition, wherein Elizabeth Cooley
and Jordan Green, and Mary, his wife. defendants in error, were
petitioners, and Vincent Baldwin, plaintiff in error, and others, were
respondents.

The facts of the case, as they appeared at the hearing of the
petition, were, that Hiram Cooley died in the year 1864; that, at
the time of his death, he was seized of several tracts of land, one
of them lying in Anderson County, and containing some two hun-
dred and forty-eight acres; that he left a will, whereby he appointed
B. F. Mauldin executor, and thereby empowered him to sell his
lands; that the petitioners, Elizabeth and Mary, were children, and
heirs of the testator; that they and their co-petitioner, Jordan
Green, entered into possession of the said tract of land, lying in
Anderson County, late in the year 1865, or early in 1866, and had
remained, ever since, in possession of the same; that G. W. Sulli-
van had a judgment, by confession, against the testator, for several
thousand dollars, which had been entered in the year 1856; that
said judgment was unsatisfied; and that, under execution issued

thereon, the said tract of land was sold by the Sheriff of Anderson County, in October, 1868, and purchased by Vincent Baldwin, plaintiff in error, at the price of $1,305; and that the Sheriff had executed to him a deed of conveyance thereof.

In December, 1868, Baldwin applied to Warren D. Wilkes, Esquire, a Magistrate of Anderson County, for a warrant to eject the petitioners from the said tract of land, and proceedings were, accordingly, instituted under the Act of 1866 "to provide an expeditious mode of ejecting trespassers."—13 · Stat., 408. The Magistrate, holding that he had jurisdiction under the Act, issued a warrant to eject the petitioners; and, thereupon, this petition was filed in the name of the petitioners themselves, setting forth the facts, and praying for a writ of prohibition to restrain the execution of the warrant.

His Honor granted the writ, and made a report of the case, which was accepted as a bill of exceptions, and is as follows:

"In October, 1868, Vincent Baldwin purchased, at Sheriff's sale, a tract of land of 248 acres, in Anderson District, as the property of Hiram Cooley, deceased, at the suit of G. W. Sullivan. He paid for the same thirteen hundred and five dollars. The judgment against Cooley was obtained, by confession, in 1856. Cooley died in 1864, testate, leaving B. F. Mauldin his executor. His personal property was sold by the executor, and it was supposed that the proceeds would pay his debts and leave a considerable sum for his legatees. The supposition proved erroneous, and Sullivan had his execution levied upon the land aforesaid, and saleday in October it was sold. The petitioners, Elizabeth Cooley and Mary Green, the wife of Jordan Green, are the daughters and some of the heirs-at-law of Hiram Cooley. In the fall or winter of 1865, these heirs entered into possession of the tract of land aforesaid, upon the special request of the executor, and have continued in possession, under that permission, up to the present time. It does not appear that the executor ever revoked the permission given, or gave notice to the parties to quit. The petitioners, being heirs-at-law of Hiram Cooley, were, likewise, rightfully entitled to enter into possession of his real estate; and the fee being cast upon them, at least until the executor disposed of the same conformably to the terms of the will, can they be considered as trespassers in occupying the premises? In either point of view, then, whether the petitioners entered under the authority of the executor of Hiram Coo-

ley, and were never notified by him to quit, or whether they entered as heirs-at-law, can their possession be regarded as tortious ?

The Magistrate, in this case, has proceeded against the petitioners under the Act of 1866, (13 Stat. at Large, 408,) entitled "An Act to provide an expeditious mode of ejecting trespassers." It declares that if any person shall have gone into, or shall hereafter go into, possession of any lands or tenements of another, *without his consent*, or *without warrant of law*, it shall be lawful, &c., to oust him, &c. It is, however, manifest in this case, that the petitioners, against whom the warrant of ejectment has been issued by Magistrate Wilkes, went into possession of the premises by the invitation and request of the executor, who had the power, under the will of Hiram Cooley, to sell the same or assent to the devise; and if that was not sufficient, then they were heirs-at-law of Hiram Cooley, and the fee in the real estate of Cooley descended to them, as heirs, until the executor sold the same, or until he assented to the devise of the estate in question.

They were not, then, trespassers—having entered into possession lawfully. They did not enter against "the consent" of the party having the fee, and without "warrant of law;" hence the Act of 1866 is not applicable to such a case. That Act was intended to apply to persons who *entered* upon the occupation of houses or lands without the consent of the owner or the authority of law. If parties were in possession lawfully, by the consent of the owner or by lawful authority, the Act does not, nor was it intended to, reach such cases. It was to reach open, flagrant trespassers. To test this case: suppose Hiram Cooley was alive, and occupying the premises purchased by Baldwin, at Sheriff's sale, as his property, could this summary remedy be resorted to to oust him of his possession? The practice in this State has been uniform, that a party holding possession of real estate, sold at Sheriff's sale, can be ousted only by an action of trespass to try title. In such action, the defendant cannot controvert the title, judgment, or sale to the plaintiff. In this case, if Mr. Baldwin had brought his action of trespass to try titles, the petitioners could not set up their possession or title as a defence against the same. The recitation made by the Magistrate himself shows that the facts upon which he predicated jurisdiction in this case are not supported by the evidence. He says, in his notice to Cooley, Green and Green, that they had gone into possession of said land, and the tenements thereon, without his consent, &c.

These petitioners were in possession, and lawful possession, of the premises, for three years before Baldwin had any shadow of claim to the premises. How, then, can he say they had gone into possession, &c., without his consent? The conclusion I have reached, therefore, is, that the possession of the petitioners is lawful, not tortious; that the Act of 1866 is wholly inapplicable to the case; that the defendant in this case has his remedy against the petitioners, in his action of trespass to try titles, if he holds the legal title to the lands in question of the late Hiram Cooley.

I have as little doubt that the writ of prohibition may be issued by any of the Judges of this State, whenever an inferior Court, in handling matters clearly within its cognizance, transgresses the bounds prescribed to it by law.—*State* vs. *Ridgell*, 2 Bail., 500. This authority would seem to be conclusive; but it is more complete, even, when the prohibition is sought against the order or decree of a subordinate Court, which errs on a question of jurisdiction.— *State* vs. *Hopkins*, Dud., 100. The Magistrate, in this case, had no jurisdiction of the case, and his judgment and warrant of ejectment are illegal.

It is, therefore, ordered and adjudged, that the writ of prohibition in this case can be issued, and that all civil officers of the State be prohibited from executing the said warrant of ejectment issued by W. D. Wilkes, Esq., ordering the petitioners, Elizabeth Cooley, Jordan Green and wife, Mary Green, to be dispossessed from the houses, lands, tenements, &c., described in said proceedings.

The causes of error assigned by the plaintiff in error are as follows:

1. Because it is respectfully submitted that His Honor James L. Orr, who ordered the writ of prohibition in this case to issue, erred in holding that the said Elizabeth Cooley, Jordan Green and wife, Mary Green, were not trespassers on said Baldwin's land, and that the Magistrate, (Wilkes,) under the Act of 1866, had no jurisdiction to eject them from said land.

2. Because His Honor erred in granting a writ of prohibition at the private suit of individuals, when, if grantable at all, it should have been in the name of the State, by the relation of the parties seeking it, and with the approval of the Attorney General, or the Solicitor of the Circuit wherein the cause arose.

3. Because the judgment of His Honor, for the reasons stated,

as well as others, was contrary to law and justice, and should be reversed.

*Sullivan*, for plaintiff in error.

*Murray*, contra.

March 12, 1870.   The opinion of the Court was delivered by

MOSES, C. J.   In the construction of a statute instituting a new course of proceeding, or affecting materially the mode by which the right to the possession of property, whether real or personal, is to be asserted, it is a safe and admitted rule that its provisions are not to be extended beyond the purpose clearly intended by its terms.

In the examination of all statutes, the principles of the common law are to be duly regarded and respected; and if the language renders plain the omission which they are intended to supply, they must be restricted in their application to the intention made manifest by the words.

The Act of 1866, (13 Stat. at Large, 408,) under which the respondents claim to proceed, creates a new jurisdiction—a summary course of procedure—and should, therefore, be construed strictly.—Dwarris on Statutes, 757.

It conferred on Magistrates a power theretofore unknown in this State, and interfered materially with all the rights which, by law, attached to the possession or occupancy of lands.   A party seeking its aid must bring himself within more than a mere equity to its benefit, by showing that he is within the meaning and intention of the Act, by those rules of interpretation prescribed as the only medium by which statutes are to be construed.

The purpose of the Act was to provide an expeditious mode of ejecting trespassers.   It not only defines who are to be so regarded under it, but the persons as against whom the trespass is to be committed.   Not only is the possession to be of land of another, but the entry must be without the consent of him who, at the time of such entry, had the right to assent to it, or without warrant of law. When the two incidents of entry and want of consent of the then owner combine, the jurisdiction of the Magistrate attaches, for, if there be such consent, *there is "warrant of law."*

When the relators, Cooley and Green, entered on the land, in whom was the title vested, and whose right did they thereby violate?   In other words, as against whom did their entry constitute a trespass?   Their father died seized and possessed of it.   They were either on the land at the time of his death, or, soon after that

event, they entered upon it. By the will of the father, direction was given to his executors to sell and dispose of his real estate.

On the death of the father, and at the very moment of the sale by the Sheriff and the purchase by Baldwin, they were, in fact, the owners, in fee, of the land. Advice to executors to sell, vests the fee in the heirs of the testator until the sale.—*Haskell et al.*, vs. *House*, 1 Tr. Con. Rep., 106 ; *King ads. Ferguson*, 2 N. & McC., 588 ; *Executors of Ware* vs. *Murph*, Rice, 55 ; *Thompson and Smith*, vs. *Gaillard*, 3 Rich., 418.

The change in the character of their possession, which resulted from the execution of the Sheriff's title to Baldwin, the purchaser, while it may subject them to an action of trespass to try title, can not render them amenable to the terms of a statute which expressly refers to an entry on lands without the consent of the owner, or without warrant of law.

This Court has no doubt that the remedy resorted to by the relators was well taken. An appeal is not provided by the Act, and, unless the writ which issued was the proper process, the relators were without adequate and effective remedy. Where an inferior tribunal proceeds to act under a false and mistaken assumption of jurisdiction, it needs no reference to authority to shew that prohibition is the proper remedy.

It is, also, assigned as error, that the writ issued at the suit of an individual, when it should have issued in that of the State and the Solicitor of the Circuit.

It is true that, in England, all prerogative writs issue from the King's Bench, and the name of the King is employed by the party at whose relation it is sought. In this State it is styled in the name of the State on the relation of some person who thereby makes himself a party to the proceedings. It is not necessary, and certainly has not been usual, for it to contain, also, the name of the Attorney General or a Solicitor of the Circuit. In this regard it differs from the practice as to *quo warranto*.

It was irregular to submit the suggestion in the name of a private person ; but for such a mere irregularity, in no way affecting the merits of the application, we are not disposed to set aside the writ, when the parties against whom it is directed have usurped a jurisdiction to which it is clear they had no pretence of right.

The judgment of the Court below is affirmed.

*Willard*, A. J. concurred.